NO. 07-08-0001-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 20, 2008
_____

MICHAEL ANTHONY WHITESELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B17345-0709; HONORABLE ED SELF, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Michael Anthony Whitesell, appeals the denial of his application for writ of habeas corpus challenging his arrest pursuant to a governor's warrant. We affirm.

Appellant's attorney has filed an Anders brief and a motion to withdraw. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be arguably predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.

1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the Anders brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The court has also advised appellant of his right to file a *pro se* response. Appellant has in fact filed a response and further filed a document he denominates as an application for writ of habeas corpus.

We have made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such grounds.

Additionally, we have reviewed appellant's *pro se* response and other documents appellant has filed in connection with this case. All of the purported arguable grounds put forth by appellant would have this court go behind the governor's warrant. The record before us contains no irregularities and, as such, is prima facie proof to the allegations contained therein. Michigan v. Doran, 439 U.S. 282, 289, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). There was no contest at the writ hearing about the identity of appellant as the person named in the governor's warrant. Appellant alleges that he was not timely brought before the trial court, alleging that more than 90 days transpired before the hearing on the writ was conducted. See TEX. CODE CRIM. PROC. ANN. art. 51.07 (Vernon 2006). However, appellant failed to take into consideration the provision that allows a person, once released on bond under provisions of article 51.07, to be subsequently arrested upon the issuance

2

of a governor's warrant.  <u>See</u> TEX. CODE CRIM. PROC. ANN. art. 51.08 (Vernon 2006).  The record affirmatively reflects that the above procedure was followed.  Accordingly, we agree with counsel that the appeal is frivolous.

Therefore, we grant counsel's motion to withdraw and affirm the order of the trial court.

Mackey K. Hancock
Justice

Do not publish.